LEE, J.,
for the court.
PROCEDURAL HISTORY AND FACTS
¶ 1. In March 1993, Jerry Rice pled guilty to and was convicted of the crimes of capital murder and kidnaping. A Bolivar County Circuit Court judge sentenced him to serve a life sentence for the capital murder, which was committed during an arson, and thirty years for kidnaping, said sentences to run consecutively. Thereafter, in 1996 the trial court denied Rice’s motion to vacate pleas and sentences, and in 2000 the court denied Rice’s motion to vacate/modify/alter or correct sentence. Rice was granted permission to file an out-of-time appeal, and he now appeals to this *637 Court. The issues on appeal include double jeopardy violations and whether the circuit court erred in denying his motion to vacate pleas and sentences. We review the issues and find no merit.
DISCUSSION OF THE ISSUES
I. WAS THE APPELLANT’S PROTECTION AGAINST DOUBLE JEOPARDY VIOLATED?
¶ 2. With this first issue, Rice argues that his Fifth Amendment protection against double jeopardy was violated. He specifically claims that the crime of kid-naping was a necessary element of the crime of capital murder, and he should not have been indicted on both counts under Blockburger v. U.S., 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932) (Supreme Court set out test for determining whether two offenses are sufficiently distinguishable to permit the imposition of cumulative punishment). As described herein, we disagree with Rice’s reasoning.
¶ 3. Initially, we note that Rice’s claim is barred by the three-year statute of limitations, as well as by the statutory bar against filing a second motion. Miss.Code Ann. §§ 99-39-5(2), 99-39-23(6) (Rev. 2000). Further, we find no merit to this claim since the crimes of capital murder, the underlying felony of arson, and kidnap-ing all contain elements not found in the definitions of each crime.
¶ 4. Capital murder as it applies to this case is defined by statute as:
(2) The killing of a human being without the authority of law by any means or in any manner shall be capital murder in the following cases: .... (e) When done with or without any design to effect death, by any person engaged in the commission of the crime of rape, burglary, kidnapping, arson, robbery, sexual battery, unnatural intercourse with any child under the age of twelve (12), or nonconsensual unnatural intercourse with mankind, or in any attempt to commit such felonies;
Miss.Code Ann. § 97-3-19 (Supp.2001). The indictment states that Rice was charged with capital murder because the death occurred during the commission of a third degree arson. Arson in the third degree is defined by statute:
Any person who wilfully and maliciously sets fire to or burns or causes to be burned, or who aids, counsels or procures the burning of any personal property of whatsoever class or character; (such property being of the value of twenty-five dollars and the property of another person), shall be guilty of arson in the third degree and upon conviction thereof, be sentenced to the penitentiary for not less than one nor more than three years.
Miss.Code Ann. § 99-17-7 (Rev.2000). Rice was also indicted and convicted for the crime of kidnaping which is defined by statute:
Any person who shall without lawful authority forcibly seize and confine any other person, or shall inveigle or kidnap any other person with intent to cause such person to be secretly confined or imprisoned against his or her will, or shall without lawful authority forcibly seize, inveigle or kidnap any child under the age of ten (10) years and secretly confine such child against the will of the parents or guardian or person having the lawful custody of such child, shall, upon conviction, be imprisoned for life in the state penitentiary if the punishment is so fixed by the jury in its verdict. If the jury fails to agree on fixing the penalty at imprisonment for life the court shall fix the penalty at not less than one (1) year nor more than thirty (30) years in the state penitentiary ....
*638 Miss.Code Ann. § 97-3-53 (Supp.2001). According to Section 97-3-19, capital murder has been committed if the murder results from the commission of an arson, among other crimes listed therein. Kid-naping, by definition, may also be an underlying crime to support a conviction of capital murder. Here, however, the underlying crime was arson, and kidnaping was a wholly separate offense. The statutes show that the elements are not the same in these crimes. Thus, in addition to finding a procedural bar, we find no merit to Rice’s argument that his constitutional rights against double jeopardy were violated.
II. DID THE TRIAL COURT ERR IN DENYING THE APPELLANT’S MOTION TO VACATE/MODIFY/ALTER OR CORRECT SENTENCE?
¶ 5. In August 2000, Rice filed a motion to vacate/modify/alter or correct sentence. In that motion, he argued that multiple sentences were imposed upon him and that fundamental constitutional rights, including freedom from illegal sentences, may be excepted from procedural bars which would otherwise prohibit their consideration. See Kennedy v. State, 732 So.2d 184(¶ 8)(Miss.1999). As with the first issue, Rice claims that kidnaping is a necessary element of the crime of capital murder, and had he known this he would never had pleaded guilty to capital murder. As previously explained, we find that he misinterprets the law on this matter. Accordingly, we find the circuit judge did not abuse his discretion in denying the motion.
¶ 6. Rice concludes his discussion of this issue by claiming he was not provided with a complete transcript as he requested, and he should have been granted a stay in the time allotted to write his brief until he received the complete record. We have no indication in the record of any delay in the clerk s actions, nor do we find any correspondence or other documentation filed by Rice which indicates this was the case. Absent any evidence, we find no error and affirm on this issue.
¶ 7. THE JUDGMENT OF THE SECOND JUDICIAL DISTRICT OF THE BOLIVAR COUNTY CIRCUIT COURT DENYING POST CONVICTION RELIEF IS AFFIRMED. COSTS OF THIS APPEAL ARE ASSESSED TO BOLIVAR COUNTY.
McMILLIN, C.J., KING AND SOUTH-WICK, P.JJ., BRIDGES, THOMAS, IRVING, MYERS, CHANDLER AND BRANTLEY, JJ., CONCUR.